J. D. BECK v. HENKLE-CRAIG LIVE-STOCK COMPANY AND R. A. BASS.

(Filed 24 May, 1916.)

1. **Issues—Gratuitous Bailee—Principal and Agent—Negligence—Veterinary Surgeons.**

Where, at the request of the owner of a mule, the keeper of a stable selects a veterinary surgeon skillful and capable, who operated upon the mule in a stall in the stable, and there is evidence that the mule was injured while being operated upon, by not being properly confined, receiving injury to its back from the top bar, the two lower bars not having been left in place, and the evidence is conflicting as to whether the stable owner received compensation or generally employed the surgeon for profit: *Held*, in an action against the stable keeper and the surgeon, issues relating to the negligence of the defendant stable keeper and as to whether the injury was caused by the surgeon are not determinative of the controversy as to the former; for while there is evidence that the surgeon was negligent, the liability of the stable keeper depends upon whether he was a gratuitous bailee, or employed the surgeon for profit to act as his agent.

2. **Principal and Agent—Negligence—Veterinary Surgeons.**

Where a mule being operated upon by a veterinary surgeon in a stall of a stable is injured by the want of proper confinement in the stall, and during the operation the surgeon has called to his assistance the aid of a hand working in the stable, the surgeon is responsible for the negligent acts of the stable hand which operated to produce the injury.

CIVIL ACTION, tried before *Adams, J.*, at November Term, 1915, upon these issues:

1. Was the death of the plaintiff's mule caused by the negligence of the defendant Henkle-Craig Live-stock Company, as alleged in the complaint? Answer: "Yes."

2. Was the death of the plaintiff's mule caused by the defendant R. A. Bass, as alleged in the complaint? Answer: "Yes."

3. What damage, if any, is plaintiff entitled to recover? Answer: "$100."

From the judgment rendered, the defendants appealed.

*Self & Bagby for plaintiffs.*
*W. C. Feimster, Council & Yount for defendants.*

BROWN, J. The evidence tends to prove that the defendant live-stock company is engaged in the business of buying and selling horses and mules, and for this purpose conducts stables in the town of Statesville and other towns in this State. The defendant Bass is a veterinary surgeon, located at Statesville. In July, 1914, plaintiff sent his mule to the defendant stock company, requesting that it take charge of the mule and have him operated upon for knots in his shoulders. The mule was

delivered to the stock company, who called upon the defendant Bass to perform the operation. In order to enable the veterinarian to perform the operation, he put the mule in a stock or stall used for the purpose of confining unruly animals and for operating purposes. The evidence tends to prove that John Morrison, one of the defendant's servants, was called on by Bass to assist him in putting the mule in the stock. This stall or stock was so constructed as to require three bars to hold the animal inside of it. Only the top bar was put up. While the operation was being performed the mule backed under the bar and injured his spine so much so that he was paralyzed and ruined.

The defendant company excepted to the issues as submitted, because they are not responsive under the allegations contained in the pleadings and are not determinative of the action.

The defendant company contends that the defendant Bass was not its agent and that the company is not responsible for his negligence; that they run their business separately and independently, and have no connection whatever the one with the other, except that the company employs Bass to treat its live stock when needed and pays him his professional fees for his services. The defendant company alleges that it had nothing whatever to do with the treatment of said mule, except as a favor to the plaintiff to phone the veterinary surgeon that the mule was at its stables awaiting treatment.

First, as to the defendant the Henkle-Craig Live-stock Company. We are of opinion that the issues excepted to and submitted by the court are not determinative of the issues raised by the pleadings. All the evidence tends to prove that the defendant company was acting as the bailee of the plaintiff and without consideration, except the defendant Bass was its agent and employed by the defendant company as a veterinary surgeon for profit. There is no evidence that the defendant company was negligent in selecting Bass as a veterinarian, as it is not disputed that he was a skillful and competent veterinary surgeon. The defendant company contends that their only relation with him was that of a veterinarian, doing business on his own account and not for them, and occasionally employed by this company to treat their own horses and mules, for which he received his professional fees.

If the fact be that Bass was not the agent and employee of the defendant company generally, but practices his profession on his own account, and was called in by the company to treat the plaintiff's mule, then the defendant company would not be liable for his negligence. But if the fact be that the defendant Bass was employed generally by the defendant company as a veterinarian, and the company received compensation for his services and used him for purposes of profit, then Bass would be their agent and they would be liable for his negligence. This

fact is at issue by the pleadings, and is not determined by the verdict of the jury. We think his Honor erred in not submitting an appropriate issue based upon these allegations of the pleadings.

Second, as to the defendant Bass. The motion to nonsuit was properly overruled. There is evidence of negligence in the manner in which the mule was attempted to be confined in the stock. It is immaterial whether it was caused by the negligence of John Morrison, the assistant of Bass, or not. It was Bass's duty to see that the mule was properly confined so as not to injure itself, before he commenced his operations.

Upon an examination of the record as to the defendant Bass, we find no error. As to the defendant Henkle-Craig Live-stock Company there must be a new trial.

The costs of the appeal will be taxed against the plaintiff.

New trial.